IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CT-3212-FL


| | | |
|---|---|---|
| BOBBY RAY GRADY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| BRANSON VICKORY, III AND | ) | |
| ARNOLD JONES, | ) | |
| | ) | |
| Defendants. | ) | |


Plaintiff filed this action pursuant to 42 U.S.C. § 1983, against defendants District Attorney

Branson Vickory, III ("Vickory") and Judge Arnold Jones ("Jones"). The matter is before the court

for frivolity review pursuant to 28 U.S.C. § 1915. Also before the court are plaintiff's motions to

amend (DE #s 8, 9, 10) and motion for a writ of mandamus (DE # 4). Defendants have not

responded to plaintiff's motions.[1] In this posture, the matters are ripe for adjudication.

A.      Motion to Amend

Plaintiff seeks to amend his complaint to include two news defendants–Donya Strong

("Strong") and Keith Rouse ("Rouse"). Plaintiff also seeks to amend his complaint to supplement

his claims. Pursuant to Federal Rule of Civil Procedure 15, a plaintiff may amend a pleading before

trial once as a matter of course within twenty-one (21) days of service, or "if the pleading is one to

which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days

after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Plaintiff filed his first

---

[1] The court notes that defendants have not yet been served in this action.

motion to amend before defendants filed a responsive pleading, and plaintiff's complaint is the type of pleading that requires a responsive pleading. Thus, plaintiff's first motion to amend is ALLOWED as a matter of course. As for plaintiff's two subsequent motions to amend, the court finds that justice requires that they be allowed. Therefore, plaintiff's motions to amend are GRANTED.[2]

B.      Frivolity Review

        The court now turns to its frivolity review. Section 1915 provides that courts shall review complaints in which prisoners seek relief from a governmental entity or officer and dismiss such complaints when they are "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be found frivolous because of either legal or factual deficiencies. First, a complaint is frivolous where "it lacks an arguable basis . . . in law." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are based on an "indisputably meritless legal theory" and include "claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) (quoting Neitzke, 490 U.S. at 327). Under this standard, complaints may be dismissed for failure to state a claim cognizable in law, although frivolity is a more lenient standard than that for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Neitzke, 490 U.S. at 328. Second, a complaint may be frivolous where it "lacks an arguable basis . . . in fact." Id. at 325. Section 1915 permits federal courts "to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." See Denton v. Hernandez, 504 U.S. 25, 32 (1992) (citing Neitzke, 490 U.S. at 327).

---

[2] The court notes that plaintiff filed a document captioned "Notice of Writ of Certiorari" (DE # 7). Plaintiff states that his petition is a "report of situations of a collateral threat to plaintiff." The court finds that this pleading is not an attempt to file a motion to amend as plaintiff has not moved to amend his complaint pursuant to Rule 15.

The court begins with plaintiff's claim against Judge Jones ("Jones"). "[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts." Stump v. Sparkman, 435 U.S. 349, 355-56 (1978) (citations omitted). State and federal judges also are immune to requests for injunctive relief.[3] See Gilbert v. Ferry, 298 F.Supp.2d 606, 612 (E.D. Mich. 2003), aff'd, 401 F.3d 411 (6th Cir. 2005); Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000); see Younger v. Harris, 401 U.S. 37, 41 (1971) (holding that federal courts should not interfere with pending state *criminal* proceedings, except under extraordinary circumstances). The proper recourse for a party who believes that the judge has ruled improperly or unfairly is to raise such errors on appeal. See Pierson v. Ray, 386 U.S. 547, 554 (1967).

Plaintiff alleges that Jones refused to dismiss his pending charges for first-degree kidnaping and first-degree rape despite a lack of physical evidence to support such charges. Plaintiff also alleges Jones failed to respond to his assertion that he is mentally ill. Because plaintiff complains about actions or inactions taken in Jones' judicial capacity, Jones is protected by judicial immunity from plaintiff's lawsuit. Thus, plaintiff's claim against Jones is DISMISSED for failure to state a claim.

The court next considers plaintiff's claim against his attorney, public defender Rouse ("Rouse"). The party charged with a constitutional deprivation must be a state actor. Debauche v. Trani, 191 F.3d 499, 506-507 (4th Cir. 1999). Defense attorneys do not act under color of state law

---

[3] In Pulliam v. Allen, 466 U.S. 522, 541-42 (1984), the United States Supreme Court held that judicial immunity did not extend to claims for declaratory or injunctive relief. In 1996, Congress effectively reversed Pulliam by enacting the Federal Courts Improvement Act of 1996 ("FCIA"), Pub.L. No. 104-317, 110 Stat. 3847 (1996) (amending 42 U.S.C. §1983). Section 309(c) of the FCIA bars injunctive relief for § 1983 actions "against a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." Thus, the doctrine of judicial immunity in §1983 actions now extends to suits against judges where a plaintiff seeks injunctive relief in addition to damages. See Dalton v. W.VA. Parole Board, No. 2:08-cv-01216, 2009 WL 2762264, *2 (S.D.W. Va. Aug. 25, 2009); Wise v. United States, No. 6:09-01376-HFF-WMC, 2009 WL 3052608, *4 (D.S.C. Sept. 23, 2009).

3

and, therefore, are not amendable to suit under § 1983, whether privately retained, <u>Deas v. Potts</u>, 547 F.2d 800 (4th Cir. 1976), appointed by the state, <u>Hall v. Quillen</u>, 631 F.2d 1154, 1155-56 (4th Cir. 1980), or employed as public defenders, <u>Polk County v. Dodson</u>, 454 U.S. 312, 325 (1981). Rouse served as plaintiff's attorney. Plaintiff fails to allege facts to establish that Rouse is a state actor. Thus, plaintiff's claim against Rouse is DISMISSED for failure to state a claim.

The court next considers plaintiff's claims against Assistant District Attorney Strong ("Strong") and District Attorney Vickory ("Vickory"). Prosecutors are absolutely immune when carrying out prosecutorial functions. <u>See</u> <u>Imbler v. Pachtman</u>, 424 U.S. 409, 431 (1976); <u>Blackston v. Vogrin</u>, 404 F. App'x 718, *1 (4th Cir. Dec. 6, 2010) ("A prosecutor is a quasi-judicial officer who enjoys absolute immunity when performing prosecutorial functions as an advocate for the state.") Plaintiff argues that Vickory refused to dismiss his criminal charges despite an alleged lack of evidentiary support. Plaintiff also argues that Vickory refused to respond to his claim that he is mentally ill. As for Strong, plaintiff alleges she violated his Fifth Amendment right to be free of self-incrimination at his probable cause hearing. These allegations against Vickory and Strong arise out of their prosecutorial duties, for which a prosecutor has immunity. <u>See</u> <u>Imbler</u>, 424 U.S. at 431. (holding that a state prosecutor has absolute immunity for initiating a prosecution and presenting the State's case); <u>see</u> <u>also</u> <u>Ostrzenski v. Seigel</u>, 177 F.3d 245, 250 (4th Cir. 1999). Therefore, plaintiff's claims against Vickory and Strong are barred by the doctrine of prosecutorial immunity, and are DISMISSED without prejudice for failure to state a claim.

As for plaintiff's remaining claims, the court finds that plaintiff's pleadings are difficult to follow and contain conclusory allegations. Plaintiff additionally has not connected any additional alleged constitutional violations to any particular defendant or provided any factual basis for any

4

remaining claims. See, e.g., White v. White, 886 F.2d 721, 723 (4th Cir. 1989) (stating minimum level of factual support required). Accordingly, plaintiff may particularize his complaint to specifically name the party responsible for his alleged deprivation, the injury stemming from the party's actions or inactions, and the alleged facts to support his claim. Plaintiff is reminded that his amended complaint must comply with Federal Rule of Civil Procedure 8, which provides: "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed.RCiv.P. 8(a)(2). Plaintiff further is reminded that his amended complaint will constitute the complaint in its entirety, and the court will not review prior pleadings to extract any potential claim. Finally, plaintiff is cautioned that to the extent he has raised a claim in one of his other pending actions, he may not pursue the same claim in this action.

C.      Writ of Mandamus

Plaintiff seeks relief pursuant to a petition for a writ of mandamus pursuant to 28 U.S.C. § 1361. In his petition, petitioner requests that the court compel the Wayne County Superior Court to dismiss his pending criminal charges. However, the federal court has no general power to compel action by state officials or to enforce state laws. See Davis v. Lansing, 851 F.2d 72, 74 (2d Cir. 1988); Gurley v. Superior Court of Mecklenburg County, 411 F.2d 586, 587 (4th Cir. 1969); In re Austin, 8 F. App'x 253, 2001 WL 476533, *1 (4th Cir. May 7, 2001). Nor do federal courts have jurisdiction to review state court orders. In re Austin, 8 F. App'x 253, 2001 WL 476533 at *1 (4th Cir. May 7, 2001) (citing District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983)). Thus, petitioner's mandamus action seeking to compel the Wayne County Superior Court to dismiss his charges is DISMISSED for lack of jurisdiction.

In summary, plaintiff's motions to amend (DE # 8, 9, 10) are GRANTED, but his petition for a writ of mandamus (DE # 4) is DISMISSED. Plaintiff's claims against Jones and Rouse are DISMISSED, and his claims against Strong and Vickory are DISMISSED without prejudice. Plaintiff additionally is ALLOWED fourteen (14) days to particularize his complaint as set forth above. Failure to comply with this court's order will result in dismissal of this claim without prejudice.

SO ORDERED, this the 21st day of May, 2012.

/s/ Louise W. Flanagan

LOUISE W. FLANAGAN
United States District Judge